**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**OSWALDO NAVA,**

**Plaintiff.**

**v.** **No. 2:26-cv-02017-DHU-GJF**

**SHAWN POWELL, JAMES JOHNSTON,**
**W. ANTHONY MAJOR JR., BENITO GONZALES,**
**STEPHANIE MILES, MARTHA STAAB and**
**ERIC MANN, in their individual capacities.**

**Defendants.**

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a zoom meeting was held on August 20, 2026, at 9:00am MST and was attended by:

Daniel Yohalem for Plaintiff

Jerry Walz and Alisha Walz for Defendants

**NATURE OF THE CASE**

Plaintiff brings this claim under 42 U.S.C Section 1983. Plaintiff contends that he was placed on administrative leave and constructively discharged by Defendants from his position as a security guard at Eastern New Mexico University, a position he had held for about six years with a positive work record, in retaliation for a single instance of speech that was protected by the First and Fourteenth Amendments to the United States Constitution.

**AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

**Plaintiff intends to file**: At this point, Plaintiff does not intend to amend his Complaint or join additional parties. Plaintiff should be allowed until December 1, 2026, to move to amend the pleadings and/or join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**Defendants intend to file**:

Defendants should be allowed until January 15, 2027, to move to amend the pleadings and until January 15, 2027, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**STIPULATIONS**

The parties hereto stipulate and agree that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter and venue is properly laid in this District. The parties further stipulate and agree that the law governing this case is federal statutory and federal common law regarding Plaintiff's federal claims.

The parties further stipulate to the following facts:

1. At all times material hereto, Plaintiff was employed as a security guard at Eastern New Mexico University ("ENMU"), Roswell, New Mexico, for approximately six years prior to September 16, 2025.
2. Prior to September 16, 2025, Plaintiff had not been subjected to disciplinary action in his employment at ENMU.
3. On or about September 16, 2025, Plaintiff was given a letter informing him that he had been placed on administrative leave with pay, pending an investigation into an "alleged violation of law or of system policy."
4. The letter was signed by Brad McFadin, Director of Safety and Security at ENMU-Roswell.
5. Prior to Plaintiff being given the letter, there were communications among some or all of the Defendants in this case where Plaintiff, his employment and school safety were discussed.
6. Defendant Shawn Powell was, at all times material hereto, the President of ENMU-Roswell and acted under color of law. He is sued in his individual capacity.

7. Defendant James Johnston was, at all times material hereto, the President/Chancellor of EMNU and acted under color of law. He is sued in his individual capacity.
8. Defendant W. Anthony Major, Jr. was, at all times material hereto, the Vice-President for Administration and Finance for EMNU and acted under color of law. He is sued in his individual capacity.
9. Defendant Benito Gonzales was, at all times material hereto, the Executive Director of Human Resources for EMNU and acted under color of law. He is sued in his individual capacity.
10. Defendant Stephanie Miles was, at all times material hereto, the Human Resources Manager for ENMU-Roswell and acted under color of law. She is sued in her individual capacity.
11. Defendant Martha Staab was, at all times material hereto, the Director of Marketing and Public Relations at ENMU-Roswell and acted under color of law. She is sued in her individual capacity.
12. Defendant Eric Mann was, at all times material hereto, a high-ranking official at EMNU and acted under color of law. He is sued in his individual capacity.

**<u>PLAINTIFF'S CONTENTIONS:</u>**

Plaintiff's federal claims are asserted under 42 U.S.C. Section 1983. Plaintiff contends that on September 16, 2025, he was placed on administrative leave by Defendants and constructively discharged in retaliation for speech protected by the First and Fourteenth Amendments. Plaintiff contends these adverse actions occurred because of a posting he had placed on what he understood to be his private Facebook page on or about September 13, 2025 that was critical of Charlie Kirk, who had been killed several days earlier. Plaintiff further contends that "complaints" about his posting were organized by persons of a right-wing political persuasion who did not live in Roswell,

New Mexico, but lived out of state and that the "complaints" about Plaintiff's posting and the demand for his termination were part of a nationwide effort by these persons to harass public employees who were critical or otherwise unsympathetic to Mr. Kirk.

**DEFENDANTS' CONTENTIONS**

Defendants generally deny the allegations of Plaintiff's Complaint except where specifically admitted. Defendants followed all applicable policies and procedures and always acted in the best interest of Plaintiff's safety and the safety of the campus, students and staff. Plaintiff Oswaldo Nava resigned voluntarily and was not constructively discharged or forced out in any manner. Defendants did not violate any constitutional right of Plaintiff. Also, Plaintiff has named multiple Defendants that absolutely had no involvement and/or authority of any type relating to any type of administrative action that was undertaken regarding Plaintiff.

**PROVISIONAL DISCOVERY PLAN**

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

**Plaintiff May Call the Following Persons as Witnesses:**

1. Oswaldo Nava, c/o Richard Rosenstock, Esq. and Daniel Yohalem, Esq. Plaintiff will testify about his employment with Eastern New Mexico University, including the manner

in which he was placed on administrative leave, the facts that constituted his constructive discharge, and about the damages he has suffered as a result of the actions of the Defendants.

2. Defendant Shawn Powell. Mr. Powell may testify about the decision to place Plaintiff on administrative leave and all the circumstances surrounding that decision.
3. Defendant James Johnston. Mr. Johnston may testify about the decision to place Plaintiff on administrative leave and all the circumstances surrounding that decision.
4. Defendant W. Anthony Major, Jr. may testify about the decision to place Plaintiff on administrative leave and all the circumstances surrounding that decision.
5. Defendant Benito Gonzales may testify about the decision to place Plaintiff on administrative leave and all the circumstances surrounding that decision.
6. Defendant Stephanie Miles may testify about the decision to place Plaintiff on administrative leave and all the circumstances surrounding that decision.
7. Defendant Martha Staab may testify about the decision to place Plaintiff on administrative leave and all the circumstances surrounding that decision.
8. Defendant Eric Mann may testify about the decision to place Plaintiff on administrative leave and all the circumstances surrounding that decision.
9. Brad McFadin, Eastern New Mexico University, Roswell, New Mexico. Mr. McFadin was Plaintiff's supervisor at ENMU and may testify about Plaintiff's work performance, his knowledge of the decision to place Plaintiff on administrative leave, and all the circumstances surrounding that decision.
10. Any person identified as a potential witness by Defendants and those identified during discovery.

**Defendants' Witnesses:**

1. Oswaldo Nava, c/o Dan Yohalem and Richard Rosenstock. Plaintiff may testify regarding his conduct and the decision he made to voluntarily resign from his position with ENMU.
2. Defendant Shawn Powell, c/o Jerry A. Walz and Alisha L. Walz, Walz and Associates, P.C. President Powell may testify regarding the safety concerns that arose following the Facebook post made by Plaintiff and his decision to place Plaintiff on administrative leave.
3. Defendant James Johnston, c/o Jerry A. Walz and Alisha L. Walz, Walz and Associates, P.C. President Johnston may testify that he was advised by President Powell as to what was occurring on campus.
4. Defendant W. Anthony Major, c/o Jerry A. Walz and Alisha L. Walz, Walz and Associates, P.C. Mr. Major may testify that he had no involvement in any of the actions surrounding Plaintiff.
5. Defendant Benito Gonzales, c/o Jerry A. Walz and Alisha L. Walz, Walz and Associates, P.C. Mr. Gonzales may testify that he made no recommendations regarding any of the actions being taken on the ENMU-Roswell.
6. Defendant Stephanie Miles, c/o Jerry A. Walz and Alisha L. Walz, Walz and Associates, P.C., Ms. Miles may testify regarding what information was being submitted to ENMU-Roswell that raised safety concerns.
7. Defendant Brad McFadin, c/o Jerry A. Walz and Alisha L. Walz, Walz and Associates, P.C. Mr. McFadin may testify relating to his meeting with Plaintiff and discussion that occurred. He may testify that he was Plaintiff's supervisor as well as enjoying a friendship with Plaintiff and that absolutely no pressure was placed on

Plaintiff to resign his position at ENMU-Roswell.

8. Defendant Martha Staab, c/o Jerry A. Walz and Alisha L. Walz, Walz and Associates, P.C. Ms. Staab may testify that she had no input, authority, or participation in any aspect of determining what action, if any, should be taken relating to Mr. Nava's employment with Eastern New Mexico University-Roswell. Ms. Staab is the Director of Marketing and Public Relations for ENMU-Roswell.

**Plaintiff's Exhibits: Plaintiff may introduce the following as exhibits at trial:**

1. Any documents produced by Defendants in discovery that concern Plaintiff's hiring, work performance, pay raises, and placement on administrative leave.
2. The letter given to Plaintiff on September 16, 2025 that placed him on administrative leave.
3. Documents that Defendants considered a complaint about Plaintiff's September 2025 Facebook posting. This includes, but is not limited to, emails, text messages, letters, and Facebook postings.
4. Documents that concern responses made by Defendants or any employee of ENMU to the complaints referred to in Paragraph 3 above
5. The job description for Plaintiff's position as a security guard.
6. ENMU-Roswell employee policies and procedures in effect on September 13, 2025-September 16, 2025 that concern: 1) placement on administrative leave; 2) progressive discipline; and 3) staff code of conduct.
7. All offers of employment extended to Plaintiff by ENMU.
8. February 5, 2024 letter of termination sent to Plaintiff.
9. Items listed as exhibits by Defendants.

**Defendants' List of Documents and Things that may be used at trial:**

1. Policies and procedures for ENMU-Roswell.
2. Plaintiff's personnel file.
3. Documents regarding communications regarding Plaintiff's Facebook post.
4. Copies of Plaintiff's Facebook post.

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

**Plaintiff's List of Discovery Subjects**

The hiring of Plaintiff, Plaintiff's work performance, and the decision to place Plaintiff on administrative leave in September 2025.

**Defendant's List of Discovery Subjects**

1. Whether Plaintiff can establish any constitutional rights that he claims may have been violated by Defendants.
2. Whether all individual defendants, other than President Powell, had any authority and/or input that had to be considered relating to President Powell's decision to place Plaintiff on administrative leave.
3. The establishment of a record that Plaintiff Nava did not exhaust his administrative remedies by resigning before any interviews, hearings, or other actions could be undertaken by ENMU-Roswell.
4. Development of evidence that Plaintiff Nava made the decision on his own accord to resign from employment based on speculation only of his belief that he may face some type of disciplinary action.

**Written Discovery and Depositions**

Maximum of 25 interrogatories by Plaintiff to each Defendant and 50 interrogatories by

all Defendants to Plaintiff. (Responses due 30 days after service).

Maximum of 25 requests for admission by Plaintiff to each Defendant and 25 requests for admission by all Defendants to Plaintiff. (Responses due 30 days after service).

Maximum of 15 depositions by Plaintiff and 10 depositions by all Defendant(s), inclusive of expert depositions.

Each deposition (other than of parties) limited to maximum of four hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by January 15, 2027

from Defendant(s) by February 26, 2027

Supplementation under Rule 26(e) due thirty (30) days after discovery of the information *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by March 24, 2027.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Motion for summary judgment and motions in limine.

Defendant intends to file: Motions for judgment on the pleadings, motions for qualified immunity, motions for summary judgment, and motions in limine as appropriate.

## ESTIMATED TRIAL TIME

The parties estimate trial will require five days.

____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference in ____________ 2027.

**SETTLEMENT**

The possibility of settlement in this case is considered unknown and may be enhanced by use of the following alternative dispute resolution procedure: settlement conference with the magistrate judge. The parties request a settlement conference January 29, 2027.

**EXCEPTIONS**

None.

APPROVED WITHOUT EXCEPTIONS

/s/ *DANIEL YOHALEM*
Daniel Yohalem
1232 Vallecita Drive
Santa Fe, New Mexico 87501
505-690-2193
daniel.yohalem@gmail.com

Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
(505) 988-5324
Fax: (505) 989-4844
richard.rosenstock@gmail.com

*Attorneys for Plaintiff*

JERRY A. WALZ, ESQ.
ALISHA L. WALZ, ESQ.
133 Eubank Blvd NE
Albuquerque, NM 87123
(505) 275-1800
jerryawalz@walzandassociates.com
awalz@walzandassociates.com

*Attorneys for Defendants*